**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4508**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELIZABETH A. PAYNE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, District Judge.  (CR-04-91)

———————

Submitted:  February 2, 2005          Decided:  March 4, 2005

———————

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Jeffrey D. Zimmerman, LAW OFFICE OF JEFFREY D. ZIMMERMAN, Alexandria, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Charles F. Connolly, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Elizabeth A. Payne pled guilty without a plea agreement to an information charging her with embezzlement, 18 U.S.C. § 656 (2000), and was sentenced to a term of eighteen months imprisonment. Payne appeals her sentence, alleging that the district court erred in determining the amount of loss, U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(F) (2001), and in failing to recognize its authority to depart downward for extraordinary restitution under Application Note 15(B) to § 2B1.1 and USSG § 5K2.0, p.s. Payne also contests the two-level adjustment for abuse of a position of trust she received under USSG § 3B1.3, and contends that her sentence was imposed in violation of the Sixth Amendment right to jury trial because the sentence enhancements were based on judicial fact findings in violation of the rule set out in Blakely v. Washington, 124 S. Ct. 2531 (2004). We affirm the district court's initial calculation of the guideline range, but we vacate the sentence in light of United States v. Booker, 125 S. Ct. 738 (2005), and remand for resentencing.

In June 2002, Payne was the item processing supervisor at the Fauquier Bank in Warrenton, Virginia. Payne stole a check from her mother's checkbook, made it out to herself for $160,000, and deposited the check in her own account at the Fauquier Bank. Later that day, Payne removed the check from a bundle of checks that were to be sent to the Federal Reserve Bank for processing to prevent

her mother's account at a different bank from being debited the $160,000. However, the Federal Reserve Bank notified the Fauquier Bank that it was accountable for the missing $160,000 draft.

In August 2002, after Payne's supervisor notified her that the bank would need a replacement check for the still-missing $160,000 check, Payne took another check from her mother's checkbook, again made it out to herself for $160,000, and gave it to the Fauquier Bank. She again removed this check from the bundle of checks that were sent to the Federal Reserve Bank. Finding another check in that day's bundle for $160,000, Payne photocopied the Fauquier Bank's indemnification from the back of her fraudulent check to the back of the legitimate check in an attempt to disguise her fraud. Payne was not successful; the Federal Reserve Bank notified the Fauquier Bank that a second item was missing.

After an internal investigation, Payne was placed on administrative leave. The next day, she confessed to her employer that she had taken the $160,000 check and that she had tried to conceal her theft by using her position as item processing supervisor in the proof department. Subsequently, the bank received $126,000 from Payne, mainly proceeds from the sale of her house. The bank's actual loss was $26,791.82.

At Payne's sentencing, the district court calculated the guideline range by applying a base offense level of 6 under USSG § 2B1.1(a), a 10-level enhancement for a loss of $160,000 under

subsection (b)(1)(F) (loss between $120,000 and $200,000), a 2-level adjustment for abuse of a position of trust under USSG § 3B1.3, and a 3-level adjustment for acceptance of responsibility. The resulting recommended final offense level was 15. Because Payne was in criminal history category I, the guideline range was 18-24 months. The district court imposed a sentence of eighteen months imprisonment.

Payne argues on appeal that (1) the district court erred in deciding not to reduce the amount of loss by the amount she had repaid the bank by the time of sentencing; (2) the court failed to recognize its authority to depart downward for extraordinary restitution; and (3) the court enhanced her sentence for abuse of a position of trust in violation of the rule set out in <u>Blakely</u>.

In <u>Booker</u>, the Supreme Court held that the federal sentencing guidelines mandatory scheme which provides for sentence enhancements based on facts found by the court violated the Sixth Amendment; the Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. <u>United States v. Hughes</u>, ___ F.3d ___, 2005 WL 147059, at *3 (4th Cir. Jan. 24, 2005) (citing <u>Booker</u>, Opinion of Justice Stevens for the Court at 20, Opinion of Justice Breyer for the Court at 2). In <u>Hughes</u>, we held that a sentence that is enhanced based on facts found by the court, not by a jury

or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal under <u>Booker</u>. 2005 WL 147059, at *2-4 (citing <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993)).

Payne's sentence was enhanced by ten levels for an intended loss of $160,000, § 2B1.1(b)(1)(F), a fact she did not admit, and by two levels for abuse of a position of trust, § 3B1.3, a fact the court found by adopting the recommendations in the presentence report. In light of <u>Booker</u> and <u>Hughes</u>, we find that the district court plainly erred in determining the amount of loss and imposing a sentence that exceeded the maximum allowed based on facts admitted by Payne alone.[1] However, we conclude that the court's initial calculation of the guideline range was correct.

The district court's interpretation of the term "loss," as used in the guidelines, is reviewed de novo; its calculation of the loss under the correct interpretation is reviewed for clear error. <u>Hughes</u>, 2005 WL 147059, at *6 (citing <u>United States v. Miller</u>, 316 F.3d 495, 498 (4th Cir. 2003)). Application Note 2(E)(ii) to § 2B1.1 provides that, "[i]n a case involving collateral pledged or

---

[1]Although Payne raised <u>Blakely</u> in her motion for release pending appeal, filed within seven days of sentencing, we conclude that she did not thereby preserve the issue for appeal. At that point, the district court was without authority to alter the sentence except for arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a). The constitutional error in Payne's sentence became "clear" only with the Supreme Court's decision in <u>Booker</u>. <u>See</u> <u>Hughes</u>, 2005 WL 147059, at *4 ("<u>Booker</u> has now abrogated our previously settled law.").

otherwise provided by the defendant," the amount of loss "shall be reduced" by "the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing."

Payne argues that her house was "collateral pledged or otherwise provided" by her on September 12, 2002, when she stated in an email to the bank president, "I will gladly give my house for collateral until you get the money," and September 3, 2002, when she signed the home over to the bank. We disagree. Payne did not give the bank an interest in her house as part of her offense; instead, she turned it over to the bank as part of her effort to make restitution for the offense once it had been discovered. See United States v. Scott, 74 F.3d 107, 112 (6th Cir. 1996) (subsequent voluntary restitution is not the same as posting collateral). Therefore, the district court did not err in concluding that she was not entitled to a credit against the intended loss for the amount the bank recovered from the sale of her house.

Payne next argues that the district court failed to recognize its authority to depart for extraordinary restitution, see USSG §§ 2B1.1, cmt. n.15(B), 5K2.0, p.s. The sentencing court's discretionary decision not to depart is not reviewable unless the court's decision is based on a mistaken belief that it lacks

authority to depart.  United States v. Wood, 378 F.3d 342, 351 n.8 (4th Cir. 2004).  Application Note 15(b) to § 2B1.1 states that, in a case where the offense level "substantially overstates the seriousness of the offense," a downward departure may be warranted.

Our review of the court's ruling on Payne's departure motion convinces us that the court recognized its authority to depart and exercised its discretion not to depart.  Payne's argument that the court mistakenly believed it lacked authority to depart is based on several comments by the court which, when viewed in light of the record as a whole, do not support her assertion.  We conclude that Payne has not shown that the court's decision not to depart was made in the mistaken belief that it lacked authority to do so.

Finally, Payne argues that the district court erred under Blakely in making an adjustment for abuse of a position of trust, since she did not admit that fact.

In light of Booker and Hughes, we conclude that the district court plainly erred in imposing a sentence that included enhancements based on facts found by the court and thus exceeded the maximum allowed based on the facts admitted by Payne alone.  We therefore affirm the district court's initial calculation of the guideline range, but we vacate the sentence imposed by the district court and remand for resentencing consistent with Hughes.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>
